# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60092

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2018

Lyle W. Cayce
Clerk

KRISTEN LEWIS,

      Plaintiff - Appellant

v.

KROGER LIMITED PARTNERSHIP I; THE KROGER COMPANY,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-724

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

     Plaintiff-Appellant Kristen Lewis brought this premises liability suit against Kroger Co. and its related entity, alleging that Kroger was liable for her injuries after a slip-and-fall at one of their grocery stores. On Kroger's motions, the district court struck an affidavit submitted by Lewis, finding that it directly contradicted her prior deposition testimony, and granted summary judgment for Kroger. Lewis timely appeals.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60092

Our careful review of the record, the parties' briefs, and the district court's ruling demonstrates no error in the district court's decision. Though an affidavit that supplements or explains prior testimony can be admitted as evidence, the district court did not abuse its discretion in determining that Lewis' affidavit contradicted, rather than clarified, her prior deposition testimony. *See, e.g.*, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495–46 (5th Cir. 1996). On consideration of the remaining evidence, we affirm the district court's determination that no reasonable jury could find that Kroger either created a hazardous condition causing Lewis injury or had actual or constructive knowledge of such a condition. *Vu v. Clayton*, 765 So. 2d 1253, 1255 (Miss. 2000) (stating the requirements for a premises liability claim under Mississippi law); *see* FED. R. CIV. P. 56(a). Accordingly, we affirm the district court's judgment for essentially the same reasons stated by that court.